UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEKSANDAR ZUNZOROVSKI,<br><br>Plaintiff,<br><br>-against-<br><br>JACARANDA CLUB, LLC and DAVID MICHAEL TALLA,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff ALEKSANDAR ZUNZOROVSKI ("Plaintiff") by and through his attorneys, FISHER TAUBENFELD LLP, allege against Defendants JACARANDA CLUB, LLC ("Sapphire" or the "Corporate Defendant") and DAVID MICHAEL TALLA ("Talla" or the "Individual Defendant") (the Corporate Defendant and Individual Defendant are collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

2. Plaintiff is a resident and citizen of the State of New Jersey.

3. Defendant Sapphire is a limited liability company located and operating in the State of New York and whose members are not residents or citizens of the State of New Jersey.

4. Defendant Talla is a resident and citizen of the State of California.

5. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

6. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

**THE PARTIES**

7. Upon information and belief, Defendant Sapphire is a domestic limited liability company, organized and existing under the laws of the State of New York, and maintains its principal place of business at 333 E. 60th St., New York, NY 10022.

8. Upon information and belief, Defendant Talla is an owner and employee of the Corporate Defendant.

9. Defendant Sapphire owns and operates the Sapphire Gentlemen's Club ("Sapphire"), which provides adult entertainment and employs, among others, dancers and VIP hosts. Sapphire caters to rich clients and offers deluxe amenities, including private suites.

10. Defendant Talla possesses and executes the authority to hire and fire employees, supervise their work schedules, and set their terms of compensation.

11. Defendant Talla hired Plaintiff and set his rate of compensation.

12. Defendant Talla also addressed the various complaints that Plaintiff made to him regarding Defendants' pay policies.

13. Defendant Talla exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under the New York State Labor Law ("NYLL").

14. Plaintiff is an individual who has been employed by Defendants to work as a VIP host at Sapphire NY within the last six (6) years.

15. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

16. Plaintiff brings this action pursuant to the NYLL (§§190, 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.*, based upon the following acts and/or omissions which Defendants committed:

   i. Defendants' failure to compensate Plaintiff for all hours worked at the statutory minimum wage as required by state law and regulations;

   ii. Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6 and 137-1.7;

   iii. Defendants' failure to provide Plaintiff with proper paystubs as required by NYLL § 195; and

   iv. Defendants' unlawful retention of tips and service fees under NYLL § 196-d.

17. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

18. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating state laws and that Plaintiff has been and continues to be economically injured.

### *Plaintiff's Work Schedule and Pay.*

19. Plaintiff worked for Defendants as a VIP host from in or about January 6, 2009 until on or about October 25, 2016.

20. Plaintiff's job duties required him to build and maintain relationships with all clients including VIP clients, who often spent a significant amount of money at Sapphire each night.

21. For most of his employment, Plaintiff worked the following schedule:

   i. Mondays he regularly worked from 6:00 p.m. to 2:00 a.m. or 3:00 a.m.;

   ii. Tuesdays he regularly worked from 8:00 p.m. to 4:00 a.m.;

   iii. Wednesdays he regularly worked from 5:30 p.m. to 4:00 a.m.;

   iv. Thursdays he worked promotional shifts from 6:00 p.m. to 4:00 a.m.;

   v. Fridays he regularly worked from 8:00 p.m. to 4:00 p.m.

22. Plaintiff often worked past 4:00 a.m. but did not get paid for this work.

23. Plaintiff's shifts would sometimes exceed 10 hours.

24. Beginning in January 2016, Plaintiff worked the same schedule outlined in Paragraph 20 above, but did not work Fridays.

25. Instead of paying Plaintiff at the legally-mandated minimum wage, Defendants improperly paid Plaintiff for his work at a "tipped" hourly rate starting at $5.00, increasing to $5.65 in 2015, and then further increasing to $7.50 at the beginning of 2016.

26. Defendants never informed Plaintiff that he was receiving a rate lower than the minimum wage because they were taking a tip credit. Defendants also retained a large portion of Plaintiff's tips.

27. Defendants were therefore required to pay Plaintiff at the legally-mandated minimum wage rate.

28. Further, when Plaintiff worked more than 40 hours in a week, Defendants unlawfully paid him at the tipped overtime rate instead of the legally-required overtime rate.

29. Defendants also did not pay Plaintiff any additional pay when he worked a shift of 10 hours or longer.

***Defendants' Unlawful Misappropriation of Plaintiff's Tips and Failure to Provide Him with Service Fees.***

30. Defendants misappropriated Plaintiff's tips in a variety of ways.

31. Plaintiff primarily catered to rich VIP clients who at times paid large amounts of tips to Plaintiff for services provided, including matching them with the appropriate companion, as a result of the trust Plaintiff earned due to years of impeccable service.

32. Defendants unlawfully retained between 30% and 32% of Plaintiff's tips, allegedly to provide the tips to the security guards and cashiers who worked at Sapphire during Plaintiff's shifts.

33. By making these misappropriations, Defendants deprived Plaintiff of hundreds of thousands of dollars in tips each year.

34. Upon information and belief, Defendants never provided those tips to the cashiers and security guards.

35. In addition, Defendants' cashiers and security guards were not eligible to share tips with Plaintiff under the NYLL.

36. Further, Defendants' dancers would share a portion of their tips with VIP hosts, including Plaintiff.

37. Defendants would misappropriate a portion of those tips as well.

38. Prior to 2013, Defendants misappropriated 33% of Plaintiff's share of dancers' tips.

39. Since approximately 2013, Defendants misappropriated 50% of Plaintiff's share of dancers' tips.

40. In addition to taking the above-mentioned tips, Defendants' managers on a frequent basis forced Plaintiff to provide a portion of his tips to them.

41. If Plaintiff failed to do so, the managers would not process his payroll and he would not be paid.

42. Initially, Plaintiff did not tip the managers, but Defendant Talla directed him to provide the tips so that the managers would stop bothering him.

43. Finally, Defendants charged to customers a 20% service charge, which they kept and did not provide to Plaintiff.

44. Customers understood that the service charge was in lieu of a gratuity and therefore were less likely to provide tips to Plaintiff and other VIP hosts.

*Notice and Recordkeeping Violations*

45. Defendants also did not provide Plaintiff with an appropriate paystub. Rather the paystubs provided to Plaintiff reflected the tipped minimum wage rate instead of the minimum wage, in violation of NYLL § 195.

46. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the NYLL and supporting regulations.

**FIRST CLAIM FOR RELIEF**
**(Minimum Wage Violations under NYLL against all Defendants)**

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

6

48. Defendants paid Plaintiff less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

49. Defendants' failure to pay Plaintiff the minimum wage has been willful within the meaning of the NYLL § 663.

50. As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Overtime Wage Violations under the NYLL against all Defendants)**

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

53. Within the statute of limitations period covered by these claims, Defendants have failed to pay Plaintiff at the required overtime rates, one and a half times his regular rate of pay, for hours worked in excess of forty (40) per workweek.

54. As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(Failure to Notify under the NYLL against all Defendants)**

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Pursuant to §195(3) of the NYLL, Defendants were obligated to provide Plaintiff with a paystub, along with their pay, that specified his legally required rate of pay, his hours worked, and the pay period.

57. Defendants failed to provide Plaintiff and other similarly situated employees with a paystub that complied with §195 of the NYLL.

58. As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §195 of the NYLL for each week Defendants failed to provide such paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(Unlawful Misappropriation of Tips under the NYLL against all Defendants)**

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. NYLL § 196-d makes it illegal for an employer to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

61. On a nightly basis, Defendants retained a portion of the tips that Plaintiff received from Sapphire NY's patrons.

62. As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff has sustained damages and seeks recovery of his tips in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
**(Unpaid Spread-of-Hours under the NYLL against all Defendants)**

63. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. Pursuant to 12 NYCRR 146-1.6 and 137-1.7, Defendants had an obligation to compensate Plaintiff for one hour's pay at the minimum wage for each day he worked more than 10 hours.

65. Although Plaintiff regularly worked more than 10 hours in a day, Defendants failed to compensate Plaintiff for one hour's pay at the minimum wage.

66. As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff has sustained damages and seeks recovery for spread-of-hours pay in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the NYLL;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. All other relief the Court deems just and proper.

Dated: December 30, 2016
    New York, New York

Respectfully submitted,

_____
Liane Fisher (LF5708)
Michael Taubenfeld (MT4640)
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*